**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

RODNEY CHARLES WHITE, SR.                                                                                   PLAINTIFF

V.                                              3:09-CV-00202-WRW/HLJ

CITY OF BLYTHEVILLE; BLYTHEVILLE
POLICE DEPARTMENT; TERRY WINKLE,
Officer, Blytheville Police Department; WAL-MART
STORES, INC.; RODNEY RICHARDSON, former
Wal-Mart Employee, current Officer of the
Blytheville Police Department; and DOES, Mayor
of Blytheville and Chief of Blytheville
Police Department                                                                                               DEFENDANTS

**ORDER**

Plaintiff, a former inmate of the Arkansas Department of Correction (ADC), filed this pro se Complaint pursuant to 42 U.S.C. § 1983, together with an Application to Proceed In Forma Pauperis (DE #1), while he was still incarcerated at the Grimes Unit of the ADC.  For  the reasons stated below, plaintiff's claims are dismissed pursuant to the three-strikes provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g).

Under the three-strikes provision of the PLRA, the Court must dismiss a prisoner's in forma pauperis action at any time,  sua sponte or upon a motion of a party, if it determines that the prisoner has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Plaintiff has well exceeded his limit of three meritless causes of action. While incarcerated, Plaintiff has filed at least thirteen prior § 1983 complaints in United States District Court for the Eastern District of Arkansas.  At least three of these have been dismissed as frivolous or for failure

to state a claim.[1]  A careful review of Plaintiff's allegations also leads the Court to conclude that Plaintiff is not in any imminent danger nor is there any merit to Plaintiff's challenge to the constitutionality of the "three-strikes" provision, which has been specifically upheld by the United States Court of Appeals for the Eighth Circuit in Higgins v. Carpenter, 258 F. 3d 797 (8th Cir. 2001).

IT IS THEREFORE ORDERED that Plaintiff's claims are DISMISSED WITHOUT PREJUDICE and his Motion for Leave to Proceed In Forma Pauperis is DENIED.  Should Plaintiff, within ten (10) days of the date of entry of this Order, submit the statutory filing fee of $350.00 to the Clerk of the Court, noting the case style and number, his case may be re-opened.

DATED this 1st day of December, 2009.

/s/ Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[1] See e.g., White v. Tobacco Super Store, 2:95CV00063 HW, dismissed as frivolous; White v. Arkansas Corr. Dep't. et al., 1:03CV00002 JMM, dismissed for failure to state a claim and specifically designated a strike, aff'd. on appeal by the Eighth Circuit, case no. 03-1923; and White v. Arkansas Board of Pardons & Paroles, et al., 4:09CV00090 WRW, dismissed on April 14, 2009, for failure to state a claim and specifically designated a strike.